Weygandt, C. J.
This is another in the seemingly interminable deluge of statutory tax appeals that for several years have seriously impeded this court in the exercise of its important and primary constitutional jurisdiction.
In this instance the Tax Commissioner assessed a sales tax on a transaction in which an Ohio dealer, the appellant, purchased automobiles from the manufacturer in Michigan for the purpose of selling them to the buyer, the Mast-Foos Manufacturing Company, in Auburn, Indiana.
The operative facts are not in dispute and are presented in great detail in the form of a stipulation.
The assessment was made under the provisions of Section 5546-2, General Code (Section 5739.02, Revised Code).
The appellant company contends that the sale of the 69 automobiles was not taxable. Reliance is placed on the provisions of Section 6290-5, General Code (Section 4505.06 Revised Code), which read in part as follows :
“In the following cases the Clerk of Courts shall *188 accept for filing such application and shall issue certificate of title without requiring payment or evidence of payment of either tax:
“(4) When the purchase is outside this state or in interstate commerce and the purpose of the purchaser is not to use, store or consume within the provisions of Section 5546-25 of the General Code.
i C # # #
“(6) When the motor vehicle was purchased outside the state of Ohio for use outside this state.”
Briefly, the Indiana vendee purchased the 69 automobiles for the use of its employees in that state. The automobiles were delivered by the Michigan manufacturer to the appellant company at its place of business in Springfield, Clark county, Ohio. With each automobile the appellant received the usual manufacturer’s certificate which was presented, together with an out-of-state delivery affidavit, to the Clerk of Courts of Clark county. From the clerk the appellant procured an Ohio certificate of title in the name of the Indiana vendee. The appellant then delivered all the certificates of title to the vendee in Indiana for registration there. When each certificate was so delivered to the vendee in Indiana, it was accompanied by the appellant’s affidavit which recited that the automobile would be delivered to the vendee outside the state of Ohio. Likewise, each certificate was accompanied by. a car invoice. On or about the delivery date, the vendee executed and filed an affidavit to the effect that the vendee was a resident of Indiana, and when the appellant delivered the Ohio certificate of title it bore an indorsement of assignment to the vendee in Indiana. Then the vendee procured an Indiana certificate of registration. Twelve of the 69 automobiles were taken to Indiana by the appellant vendor and there delivered to the vendee. The remaining 57 were driven from *189 Springfield to Indiana by employees of the vendee. Payment for all the automobiles was made by checks sent to the appellant by the vendee from its main office in Michigan.
It should be noted that this controversy involves no question of fraud, theft or improper importation of automobiles into Ohio.
The appellant vendor contends that no sales tax should have been paid on these 69 automobiles inasmuch as they were purchased outside the state of Ohio for use outside Ohio, and that the delivery of the certificates of title to the vendee in Indiana was in fact a delivery of the automobiles in that state.
In his decision the Tax Commissioner held:
“The objection is denied on the grounds that the transfer of the certificate of title is only incidental to the sale of a motor vehicle, and if said titles are delivered in interstate commerce it does not exempt the transaction or sale from the application of the sales tax, as the transaction was completed within the state of Ohio when delivery of the automobiles was taken by the purchaser or agents of the purchaser.”
Among the several contentions- of the appellant vendor, the only one requiring consideration at this time is the claim that the sale was exempt from the tax under the provisions of Section 6290-5, General Code (Section 4505.06, Revised Code), supra, that the automobiles were “purchased outside the state of Ohio for use outside this state.”
As previously observed, the Tax Commissioner held that “the transaction was completed within the state of Ohio when delivery of the automobiles was taken by the purchaser or agents of the'purchaser. ” One difficulty with this conclusion of .the commissioner is that, according to the stipulation of fact, 12 of the 69 automobiles were not delivered to the vendee in Ohio but, in accordance with the agreement, were taken by *190 the appellant vendor to the vendee in Indiana. Hence, if, as indicated by the commissioner, the point of delivery is controlling, at least the sale of the 12 automobiles was exempt from the tax.
However, this court is unwilling to determine the taxability of this sale on so tenuous a basis as who happened to drive the automobiles across the state line into Indiana. The agreed facts render this unnecessary. From its inception to its conclusion, the actual nature of this sale is clear. There is no question that automobiles were purchased “for use outside this state.” Were they purchased “outside the state of Ohio?” At no time was there the slightest doubt about either the origin or the destination of the automobiles. They were manufactured in Michigan, and the sole purpose of the appellant in obtaining them was to sell them to the Indiana vendee for use in that state — not for use in Ohio. Hence, they were of no use to the appellant in this state. Concededly part of the transaction took place in this state, but under the particular circumstances of this case, was the purchase completed here? Considering the realities of the matter, this court is of the opinion that it was not. Although part of the transaction did take place here, it neither began nor ended here. Apparently the Tax Commissioner was of the vieAv that if the automobiles had been moved from the manufacturer in Michigan directly into Indiana without entering Ohio, the sale would not have been taxable. Does the single fact that they were moved through Ohio change the nature of the transaction? This court thinks not. When the appellant received each automobile, an out-of-state delivery affidavit was presented to the Clerk of Courts of Clark county and a certificate of title was obtained in the name of the Indiana vendee; each certificate of title contained the statement “exempt; delivered outside the state of Ohio” and Avas delivered to the ven *191 dee in Indiana; each certificate was accompanied by an invoice; and payment was made by checks issued by the vendee at its Detroit office. Too much of this transaction occurred outside this state to hold that the purchase was completed in Ohio.
The Tax Commissioner relies on the decision of this court in the case of Trotwood Trailers, Inc., v. Evatt, Tax Commr., 142 Ohio St., 197, 51 N. E. (2d), 645, in which a sale was held taxable. However, that case involved automobile trailers which were manufactured in Ohio according to the specifications of each vendee. Each vendee was a nonresident of this state, but when the construction of his trailer was completed, he received a bill of sale therefor and came to the Ohio factory with his license plates to obtain delivery. He paid the purchase price and took his trailer. Clearly the trailers were purchased in Ohio. This is disclosed by the third paragraph of the syllabus which reads as follows:
“Generally, where a sale involves the delivery of merchandise to a destination outside the state where sold, a sales tax by such state on such transaction may not be applied; however, such a tax may be applied to sales of merchandise made on orders accepted within but received from purchasers residing without the taxing state by a seller maintaining a place of business within the taxing state, provided delivery is made, not to an interstate carrier for transportation beyond the state, but to the purchaser who comes within the state to close the transaction and to accept delivery.”
Under the particular facts in the instant case, the decision of the Board of Tax Appeals must be reversed.

Decision reversed.

Middleton, Taet, Hart, Zimmerman, Stewart and Lamneck, JJ., concur.